Submitted on briefs March 3, remanded for entry of an order in conformance with this opinion March 25, 1971

STATE OF OREGON, *Respondent, v.*
CHARLES LEROY SEYMOUR (No. 5926),
*Appellant.*
482 P2d 754

William M. Collver, Coos Bay, for appellant.

Jerry O. Lesan, Deputy District Attorney, Coos Bay, for respondent.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

110

SCHWAB, C. J.

Defendant was convicted in Coos County of obtaining money by false pretenses and placed on probation for a period of five years subject to the provision that he serve a six-month period in the county jail. He served the six-month sentence, was released, and, thereafter, during the probationary period was convicted of another crime in Lane County for which he was sentenced to five years in the Oregon State Penitentiary.

Subsequent to the second conviction the state moved the circuit court of Coos County for an order revoking the probation granted in connection with the first conviction. The hearing was held pursuant to this motion by the circuit court, Coos County.

The court revoked the probation previously granted and sentenced the defendant to five years in the Oregon State Penitentiary, the sentence to run concurrently with the sentence imposed as a result of the Lane County conviction.

The defendant appeals on two grounds: (1) that he was denied due process in the revocation hearing; and (2) that the court failed to give him credit for the time he had served in the county jail.

■■ The first contention is totally without merit. The defendant's argument is that he was denied due process because there was no evidence that the probation officer had, prior to the revocation hearing, submitted a report to the court outlining a probation violation. He cites as his authority ORS 137.550 (2).[1]

---

[1] ORS 137.550 (2) provides:

"At any time during the probation period, the court may issue a warrant and cause a defendant to be arrested for violating any of the conditions of probation. Any probation of-

Nothing in this statute requires that as a condition precedent to revocation the trial court consult the probation officer. The probation officer's report required by the statute is necessary only if the officer effects the arrest or detention of the probationer. This did not occur in this case.

The state concedes that as to the second contention the defendant is correct. ORS 137.550 (2)[①] requires that "[a] defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of his probation."

Remanded for the entry of an order in conformance with this opinion.

---

ficer, police officer or other officer with power of arrest may arrest a probationer without a warrant, and a statement by the probation officer setting forth that the probationer has, in his judgment, violated the conditions of probation is sufficient warrant for the detention of the probationer in the county jail, house of detention or local prison, when designated in such statement, until the probationer can be brought before the court. The probation officer shall forthwith report such arrest or detention to the court and submit to the court a report showing in what manner the probationer has violated his probation. Thereupon the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. A defendant who has been previously confined in the county jail as a condition of probation pursuant to ORS 137.540 shall be given credit for all time thus served in any order or judgment of confinement resulting from revocation of his probation. In the case of any defendant whose sentence has been suspended but who is not on probation, the court may issue a warrant and cause the defendant to be arrested and brought before the court at any time within the maximum period for which the defendant might originally have been sentenced. Thereupon the court, after summary hearing, may revoke the suspension of sentence and cause the sentence imposed to be executed."